CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 2 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

FREDDIE EUGENE CASEY,
    Petitioner,

Civil Action No. 706:-cv-00631

v.

COMMONWEALTH'S ATTORNEY'S
OFFICE OF RUSSELL COUNTY,
VIRGINIA, et al.,
    Respondent.

By:    Hon. James C. Turk
        Senior U.S. District

## MEMORANDUM OPINION

The petitioner, a Virginia inmate proceeding pro se, has submitted to the court this petition which he styles as a "Petition for a Writ of Mandamus." He is asking the court to order state officials to provide him with numerous records and documents related to his state criminal proceedings. As grounds for this motion, he declares that he is wrongfully convicted for the murder of Troy Lee Stanford. Upon review of the record, the court finds that the petition must be dismissed for two reasons: petitioner is not entitled to mandamus relief from this court against state officials and his petition must be construed and dismissed as a successive petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

Federal courts have no general power to compel action by state officials. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). The authority of federal courts to issue extraordinary writs, such as a writ of mandamus, derives from the "all writs statute," 28 U.S.C. §1651. This section, however, does not authorize federal courts to issue a mandamus against state courts or officials. Gurley, 411 F.2d at 587. Therefore, the court must deny the petition for a writ of mandamus for lack of jurisdiction.

The petition, however, is a blatant attempt to circumvent the provisions prohibiting successive petitions under 28 U.S.C. § 2254. Court records indicate that Casey has previously

filed a § 2254 petition concerning the same conviction, Civil Action No. 7:97-cv-00466. See 28 U.S.C. § 2244(b). The court conducted an evidentiary hearing and denied relief, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment, and the United States Supreme Court denied the petition for a writ of certiorari. Thereafter, the court of appeals also denied Casey's application for certification to file a successive § 2254 petition. Yet, his current petition once again argues for a finding that his confinement under the state court's judgment is unconstitutional for various reasons. Accordingly, the court will construe it as a § 2254 petition. This court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b). Because the petitioner has not obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 26th day of October, 2006.

Senior United States District Judge